FILED
CLERK, U.S. DISTRICT COURT

SEP 19 2012

CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2012 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>                v.<br><br>MICHAEL R. YBARRA,<br>JEREMY LLOYD, and<br>STEVEN BENJAMIN,<br><br>           Defendants. | CR No. **CR 12 00890**<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy;<br>18 U.S.C. § 152(3): Bankruptcy<br>Fraud;<br>18 U.S.C. § 1623: Perjury;<br>18 U.S.C. § 2: Aiding and<br>Abetting and Causing an Act to<br>be Done;<br>18 U.S.C. § 981(a)(1)(C),<br>28 U.S.C. § 2461(c), and<br>21 U.S.C. § 853: Criminal<br>Forfeiture] |

     The Grand Jury charges:

                         COUNT ONE

                    [18 U.S.C. § 371]

A.    INTRODUCTORY ALLEGATIONS

     At all times relevant to this Indictment:

     1.    Defendant MICHAEL R. YBARRA ("defendant YBARRA") was an

individual, doing business in Laguna Beach, California, within

the Central District of California and elsewhere, in his own name

1 and under other names, including "Equity Management Firm," and

2 "RR Management Trust" (collectively, the "Ybarra businesses").

3 The Ybarra businesses purported to provide assistance to

4 individuals seeking to delay or avoid foreclosure and/or eviction

5 proceedings and represented, through Internet websites and other

6 means, that they could assist such individuals by using

7 specialized procedures, including a "Trustee Verification Delay

8 Service."

9    2.   Defendant STEVEN BENJAMIN ("defendant BENJAMIN") was an

10 individual, doing business in Laguna Beach, California, within

11 the Central District of California and elsewhere, in his own name

12 and in the name, "Access Consumer Services."  Defendant

13 BENJAMIN's business consisted principally of providing consulting

14 services to individuals seeking to delay or avoid foreclosure

15 and/or eviction proceedings.

16    3.   Defendant JEREMY LLOYD ("defendant LLOYD") was an

17 individual, residing in Laguna Beach or Newport Beach,

18 California, and performing services for defendant YBARRA and the

19 Ybarra businesses.

20    4.   Defendants YBARRA, LLOYD, and BENJAMIN knew and

21 understood that:

22       a.   After a home or other residential property was

23 sold in a foreclosure auction, the new owner of the property

24 would ordinarily initiate unlawful detainer proceedings in order

25 to evict the occupants who remained on the property.

26       b.   In instances where a tenant was living at such a

27 property, the tenant could delay eviction proceedings by

28

1  filing a Prejudgment Claim of Right to Possession in the Superior

2  Court for the county in which the property was located.

3      c.    The filing of a bankruptcy petition in a

4  United States Bankruptcy Court would have the legal effect of

5  suspending all creditor actions, including eviction proceedings,

6  then pending against the individual filing the bankruptcy

7  petition.

8      5.   Defendants YBARRA and LLOYD further knew and understood

9  that:

10      a.    Before an individual filed a bankruptcy petition

11  in a United States Bankruptcy Court, the individual was required,

12  by the United States Bankruptcy Code, to obtain proof (a "credit

13  counseling certificate") that he or she had personally completed

14  a credit counseling program.

15      b.    A.C.C., a nonprofit organization based in

16  Encino, California, within the Central District of California,

17  was a provider of credit counseling programs, offered

18  electronically through the Internet, and issued credit counseling

19  certificates to those individuals who completed its credit

20  counseling programs.

21      c.    A.C.C. required individuals to certify, via a

22  series of screens displayed in its electronic credit counseling

23  program, that they were using their true names and were, in fact,

24  taking the credit counseling program for themselves and not for

25  another person.

26  //

27  //

28

B.    OBJECTS OF THE CONSPIRACY

6.    Beginning at least as early as in or about July 2011, and continuing through at least in or about August 2012, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendants YBARRA, LLOYD, and BENJAMIN, together with others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to commit an offense against the United States, namely, bankruptcy fraud, in violation of Title 18, United States Code, Section 152(3).

C.    MANNER AND MEANS OF THE CONSPIRACY

7.    The object of the conspiracy was carried out, and to be carried out, in substance as follows:

a.    Defendants YBARRA, LLOYD, and BENJAMIN would advise individuals seeking to delay foreclosure and/or eviction proceedings (the "clients") that, for a fee, they could assist the clients in delaying such foreclosure and/or eviction proceedings.

b.    After receiving fees from the clients, defendants YBARRA, LLOYD, and BENJAMIN would cause false documents to be prepared, including in some instances a Prejudgment Claim of Right to Possession, in order to make it appear as if a tenant (the "fictitious tenant") resided at the property from which the client was seeking to delay eviction and/or foreclosure.  In reality, as defendants BENJAMIN, LLOYD, and YBARRA well knew, the fictitious tenant did not reside at the property from which the client was seeking to delay eviction or foreclosure and false documents were prepared in the names of the fictitious tenants in

4

order to delay foreclosure and/or eviction proceedings.

    c.   Defendants LLOYD and YBARRA would obtain false credit counseling certificates in the names of the fictitious tenants.

    d.   Defendants YBARRA, LLOYD, and BENJAMIN, aiding and abetting each other, would cause bankruptcy petitions to be prepared, signed, and filed in the names of the fictitious tenants.

D.   OVERT ACTS

    8.   In furtherance of the conspiracy, and to accomplish its object, defendants YBARRA, LLOYD, and BENJAMIN, together with others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere.

    a.   Overt Acts Pertaining to Bankruptcy Petition Filed in the Name of Fictitious Tenant M.D. for Client E.M.

    Overt Act No. 1: On or about August 10, 2011, defendant BENJAMIN wrote a check to RR Union Trust for $1249.00.  On the memo line of the check was the name of client E.M.

    Overt Act No. 2: On or about August 10, 2011, defendant BENJAMIN sent an email to defendant YBARRA, with the subject line, "[client E.M.] foreclosure radar - sale reversal."

    Overt Act No. 3: On or about August 11, 2011, defendant BENJAMIN sent an email to defendant YBARRA, with the subject line "[client E.M.] foreclosure radar - sale reversal," which stated in part, "Michael: FYI. Money in tomorrow."

    Overt Act No. 4: On or about August 11, 2011, defendant BENJAMIN sent an email to defendant YBARRA, with the subject

line, "RE: [client E.M.] foreclosure radar - sale reversal,"
which stated in part, "I'm charging him $2,000 to reverse it...
Money in your account yesterday. $1,249."

Overt Act No. 5: On or about August 11, 2011, defendant
YBARRA sent a reply email to defendant BENJAMIN, stating, "k
we're on it  I'll call u about hr. to discuss everything."

Overt Act No. 6: On or about September 1, 2011, defendant
BENJAMIN provided client E.M. with a document entitled
"Prejudgment Claim of Right to Possession," prepared in the name
of M.D. ("the M.D. claim"), falsely representing that M.D. was a
tenant of the property from which client E.M. sought to delay
eviction.

Overt Act No. 7: On or about September 1, 2011, defendant
BENJAMIN provided client E.M. with instructions on how to file
the M.D. claim in the Superior Court for the County of Santa
Clara.

Overt Act No. 8: On or about September 1, 2011, defendant
BENJAMIN sent an email to defendant YBARRA, which stated in part,
"What does [M.D.] need to do in 5 days?," and attached a
forwarded email from client E.M., which stated, "[t]he person
behind the counter said [M.D.] has 5 days to do something or file
something."

Overt Act No. 9: On or about September 22, 2011, defendant
BENJAMIN signed the full name of fictitious tenant M.D. on a
pleading entitled, "Answer to Complaint," prepared for filing in
the Superior Court for the County of Santa Clara.

//

Overt Act No. 10: On or about October 18, 2011, defendant YBARRA sent an email to defendants BENJAMIN and LLOYD, with the subject line, "Discuss." The email included as an attachment a Chapter 13 bankruptcy petition prepared in the name of M.D. and an additional document that stated, "Bankruptcy for [client E.M.] tenant (needs credit counseling cert.)."

Overt Act No. 11: On or about October 18, 2011, defendant LLOYD, posing as M.D., completed an electronic credit counseling course offered by A.C.C. and obtained from A.C.C. a credit counseling certificate issued in the name of M.D. (the "M.D. credit counseling certificate").

Overt Act No. 12: On or about October 18, 2011, defendant LLOYD directed A.C.C. to send the M.D. credit counseling certificate to defendant YBARRA's email address.

Overt Act No. 13: On or about October 18, 2011, defendant YBARRA sent a copy of the M.D. credit counseling certificate to defendant BENJAMIN, via email.

Overt Act No. 14: On or about October 18, 2011, defendant BENJAMIN signed a Chapter 13 bankruptcy petition in the full name of M.D. (the "M.D. bankruptcy petition").

Overt Act No. 15: On or about October 18, 2011, defendant BENJAMIN sent an email to client E.M., which directed client E.M. to file the M.D. bankruptcy petition in the United States Bankruptcy Court for the Northern District of California and to then take a file-stamped copy of the M.D. bankruptcy petition to the Superior Court for the County of Santa Clara, where eviction proceedings were then pending.

b. <u>Overt Acts Pertaining to Bankruptcy Petition Filed in the Name of Fictitious Tenant J.R. for Clients Y.G. and O.G.</u>

<u>Overt Act No. 16</u>: On or about July 14, 2011, defendant BENJAMIN sent an email to defendant YBARRA indicating that client Y.G. was a new client seeking to delay unlawful detainer proceedings.

<u>Overt Act No. 17</u>: On or about July 15, 2011, defendant BENJAMIN directed client Y.G. to sign the full name of J.R. on a Prejudgment Claim of Right to Possession, prepared in the full name of J.R., falsely representing that J.R. was a tenant of the property from which client Y.G. sought to delay eviction.

<u>Overt Act No. 18</u>: On or about July 20, 2011, defendant YBARRA sent an email to defendant BENJAMIN, which included as an attachment a Motion to Strike in the name of J.R. (the "J.R. Motion").

<u>Overt Act No. 19</u>: On or about July 22, 2011, defendant BENJAMIN sent an email to defendant YBARRA, which included as an attachment a copy of the receipt for a deposit made by client Y.G. to a bank account held in the name of R.R. Union Trust.

<u>Overt Act No. 20</u>: On or about July 25, 2011, defendant BENJAMIN sent an email to client Y.G., which included as an attachment the J.R. Motion, and stated, "sign 2 times for [J.R.]."

<u>Overt Act No. 21</u>: On or about October 5, 2011, defendant YBARRA sent an email to defendant BENJAMIN and defendant LLOYD, stating that client Y.G. "need[ed] to file bankruptcy in Sacramento by Friday."

1      <u>Overt Act No. 22</u>: On or about October 5, 2011, defendant

2  YBARRA obtained a credit counseling certificate from A.C.C.

3  issued to J.R.

4      c.   <u>Overt Acts Pertaining to Bankruptcy Petition Filed in the Name of Fictitious Tenant C.J. for Client N.E.</u>

5      <u>Overt Act No. 23</u>: On or about August 1, 2011, defendant

6  YBARRA sent an email to defendant LLOYD, with the subject line

7  "[Client N.E.] filing." The email included as an attachment a

8  Prejudgment Claim of Right to Possession prepared in the full

9  name of C.J., falsely representing that C.J. was a tenant of

10  property from which client N.E. sought to delay eviction.

11      <u>Overt Act No. 24</u>: On or about August 1, 2011, defendant

12  LLOYD sent an email to defendant YBARRA with the subject line,

13  "filings today," stating "Got three: 1. [Client N.E.] 1

14  prejudgment."

15      <u>Overt Act No 25</u>: On or about October 4, 2011, defendant

16  YBARRA sent an email to defendant LLOYD, which included as an

17  attachment a United States Bankruptcy Petition prepared in the

18  full name of C.J., and stated, "NEEDS CREDIT COUNSELING

19  CERTIFICATE BEFORE FILING. Please file by Friday 10/7."

20      <u>Overt Act No 26</u>: On or about October 10, 2011, defendant

21  LLOYD sent an email to defendant YBARRA, stating "the BK was done

22  for [C.J.]."

23      d.   <u>Overt Acts Pertaining to Bankruptcy Petition Filed in the Name of Fictitious Tenant J.R. for Client D.M.</u>

24  

25      <u>Overt Act No. 27</u>: On or about November 23, 2011, defendant

26  LLOYD obtained a credit counseling certificate from A.C.C. issued

27  in the name of fictitious tenant J.R.

28

<u>Overt Act No. 28</u>: On or about November 29, 2011, defendant LLOYD signed the full name of J.R. on a United States Bankruptcy Petition prepared in the full name of J.R. (the "J.R. Bankruptcy Petition").

<u>Overt Act No. 29</u>: On or about November 29, 2011, defendant LLOYD signed a United States Bankruptcy Court Chapter 13 Plan, prepared for filing in conjunction with the J.R. Bankruptcy Petition.

    e.    <u>Overt Acts Pertaining to Bankruptcy Petition Filed in the Name of Fictitious Tenant S.M. For Client R.M.</u>

<u>Overt Act No. 30</u>: On or about January 13, 2012, defendant YBARRA sent an email to defendant LLOYD which stated, "Demurrer_for_tenant_ [client R.M.] . . . docs to file" and included as an attachment a Notice of Demurrer and Demurrer to Complaint (the "S.M. Demurrer"), prepared in the name of S.M., falsely representing that S.M. resided at the property from which client R.M. sought to delay eviction.

<u>Overt Act No. 31</u>: On or about February 15, 2012, defendant LLOYD sent an email to defendant YBARRA, which stated, "itemized list for reimbursement," and included as an attachment a document setting forth services defendant LLOYD had performed, including the filing of the S.M. Demurrer.

<u>Overt Act No. 32</u>: On or about April 5, 2012, defendant YBARRA sent an email to defendant LLOYD, which included as an attachment a bankruptcy petition in the name of S.M.

<u>Overt Act No. 33</u>: On or about April 6, 2012, defendant LLOYD sent to defendant YBARRA a credit counseling certificate, issued

10

in the name of S.M.

      f.   <u>Overt Acts Pertaining to Credit Counseling
Certificates Obtained for Fictitious Tenants C.H.,
M.L., M.H., and S.S.</u>

   <u>Overt Acts Nos. 34-37</u>: On or about the following dates defendant LLOYD sought and obtained credit counseling certificates from A.C.C. issued in the names of the following fictitious tenants:

| Overt Act No. | Date | Fictitious Tenant Named on the Credit Counseling Certificate |
|---|---|---|
| 34 | 10/24/2011 | M.H. |
| 35 | 10/26/2011 | S.S. |
| 36 | 12/21/2011 | C.H. |
| 37 | 2/13/2012 | M.L. |

COUNT TWO THROUGH EIGHT

[18 U.S.C. §§ 152(3), 2]

9.   The Grand Jury repeats and realleges paragraphs 1 through 4 of this Indictment herein as though set forth in full.

10.  On or about the following dates, in the Central District of California and elsewhere, defendants YBARRA and LLOYD, aiding and abetting each other, knowingly and fraudulently made and willfully caused to be made a material false declaration and statement under penalty of perjury, within the meaning of Title 28, United States Code Section 1746, in and in relation to a case under Title 11 of the United States Code.  Specifically, defendants YBARRA and LLOYD filed and willfully caused to be filed in the United States Bankruptcy Court for the Central District of California the following bankruptcy petitions in the name of a fictitious person, wherein defendants YBARRA and LLOYD falsely stated that: (i) the purported debtor named on the petition was the person completing, signing, and causing the petition to be filed; and (ii) the purported debtor resided at certain property represented on the petition as the purported debtor's residence.  In truth and in fact, as defendants YBARRA and LLOYD then well knew, (i) the purported debtor was not the person completing, signing, and causing the petition to be filed;

//
//
//
//
//

and (ii) the purported debtor did not reside at the property represented on the bankruptcy petition as the purported debtor's residence address:

| COUNT | DATE | BANKRUPTCY PETITION |
|-------|------|---------------------|
| TWO | 10/6/11 | In re C.J., Case No. 11-23977. |
| THREE | 10/25/11 | In re M.H., Case No. 11-24805. |
| FOUR | 10/26/11 | In re S.S., Case No. 11-24857. |
| FIVE | 11/29/11 | In re J.R., Case No. 11-58694. |
| SIX | 12/21/11 | In re C.H., Case No. 11-27441. |
| SEVEN | 2/14/12 | In re M.L., Case No. 12-11820. |
| EIGHT | 4/13/12 | In re L.M., Case No. 12-15039. |

COUNT NINE

[18 U.S.C. § 152(3), 2]

11.  On or about October 18, 2011, in the Central District of California and elsewhere, defendant STEVEN BENJAMIN ("BENJAMIN"), together with others known and unknown to the Grand Jury, knowingly and fraudulently made, willfully caused to be made, and aided and abetted the making of a material false declaration and statement under penalty of perjury, within the meaning of Title 28, United States Code Section 1746, in and in relation to a case under Title 11 of the United States Code. Specifically, defendant BENJAMIN filed and willfully caused to be filed in the United States Bankruptcy Court for the Northern District of California a bankruptcy petition in the name of M.D. ("the M.D. petition"), wherein defendant BENJAMIN falsely stated that (i) M.D. was the person completing, signing, and causing the petition to be filed, and (ii) M.D. resided at a certain property in San Jose, California.  In truth and in fact, as defendant BENJAMIN then well knew, (i) M.D. was not the person completing, signing, and causing the M.D. petition to be filed; and (ii) M.D. did not reside at the property represented on the bankruptcy petition as M.D.'s residence address.

## COUNT TEN

### [18 U.S.C. §§ 1623, 2]

12.   The Grand Jury repeats and realleges paragraph 3, 4, and 7 of this Indictment herein as though set forth in full.

13.   On or about August 22, 2012, in the Central District of California and elsewhere, defendant LLOYD knowingly and fraudulently made and caused to be made a material false declaration and statement under penalty of perjury, within the meaning of Title 28, United States Code Section 1746, in and in relation to a case filed in the United States District Court for the Central District of California.  Specifically, defendant LLOYD completed and signed a Request to Proceed in Forma Pauperis with Declaration in Support (the "Declaration") in the name of a fictitious person, Y.H., falsely stating that (i) his name was Y.H.; (ii) Y.H. resided at a certain address on Atlanta Way in Costa Mesa, California; and (iii) Y.H. had no source of income and was last employed in July 2011, but had received a "family loan" in the amount of $2,000.  In truth and in fact, as defendant LLOYD then well knew, (i) his name was not Y.H., and (ii) Y.H. did not reside at the address stated on the

//
//
//
//
//
//
//

Declaration; and (iii) Y.H. was not an individual who had last been employed in July 2011 or had received a family loan of $2,000.

CRIMINAL FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c),

and 21 U.S.C. § 853]

14.   The Grand Jury hereby repeats, realleges, and incorporates by reference, paragraphs 1, 4, 5, and 10, and the allegations contained in Counts Two through Eight of this Indictment, as though set forth in full herein, for the purpose of alleging forfeiture as set forth below.

15.   Pursuant to Title 28, United States Code, Section 2461(c), Title 18, United States Code, Section 981(a)(1)(C), and Title 21, United States Code, Section 853, defendant YBARRA, upon conviction under Count Two, Count Three, Count Four, Count Five, Count Six, Count Seven, or Count Eight of this Indictment shall forfeit to the United States the following property:

     a.   All right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 152.

     b.   A sum of money equal to the total amount of money obtained as a result of each such offense.

16.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant YBARRA, if so convicted, shall forfeit substitute property, up to the value of the amount described in the preceding paragraph, if, by any act or omission of defendant YBARRA, the property described therein, or any portion thereof, (a) cannot be located upon the exercise of due diligence; (b) has been transferred, or sold to, or deposited with, a third party;

17

1  (c) has been placed beyond the jurisdiction of the court; (d) has

2  been substantially diminished in value; or (e) has been

3  commingled with other property that cannot be divided without

4  difficulty.

5

6

7  A TRUE BILL

8

9  /s/
   _____
   Foreperson

10

11 ANDRÉ BIROTTE JR.
   United States Attorney
12

13

14 ROBERT E. DUGDALE
   Assistant United States Attorney
15 Chief, Criminal Division

16 RICHARD E. ROBINSON
   Assistant United States Attorney
17 Chief, Major Frauds Section

18 ALKA SAGAR
   Assistant United States Attorney
19 Deputy Chief, Major Frauds Section

20 ANGELA J. DAVIS
   Assistant United States Attorney
21 Major Frauds Section

22

23

24

25

26

27

28

18